IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Robert Demos, | ) C/A No. 2:14-1538-TMC-BHH |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| The U.S. Congress and Mitch McConnell, | ) |
| Defendants. | ) |
| _____ | ) |

Plaintiff, John Robert Demos, also known as John Robert Demos, Jr. ("Plaintiff"), alleges that he is currently incarcerated at the Coyote Ridge Corrections Center in Connell, Washington. He files this pro se civil rights complaint (ECF No. 1) alleging the unconstitutionality of 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. Plaintiff filed a motion to proceed in forma pauperis under 28 U.S.C. § 1915(a) (ECF No. 2). However, Plaintiff's request to proceed in forma pauperis should be denied, and Plaintiff's complaint should be summarily dismissed without prejudice if he fails to timely pay the filing fee. Plaintiff is subject to the "three strikes" rule of the Prison Litigation Reform Act ("PLRA"), and he does not allege that he is under imminent danger of serious physical injury.

**DISCUSSION**

The PLRA's 'three strikes" rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it its frivolous, malicious, or fails to state a claim upon which relief may

be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This "three-strikes" rule was enacted to bar prisoners, such as Plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil litigation without prepayment of the filing fee. To avoid application of 28 U.S.C. § 1915(g), a prisoner may prepay in full the filing fee.

The Fourth Circuit has set forth the standard for determining which cases are subject to the "three-strikes" rule. See Blakely v. Wards, 701 F.3d 995 (4th Cir. 2012), Tolbert v. Stevenson, 635 F.3d 646 (4th Cir. 2011); McLean v. United States, 566 F.3d 391 (4th Cir. 2009). Utilizing this framework, the undersigned has reviewed Plaintiff's Complaint.

Plaintiff has no apparent connection with the State of South Carolina; however, this is the eighth pleading he has filed in this district. In Demos v. The U.S. Secretary of Defense, et al., C/A No. 2:13-1-TMC-BHH (D.S.C.) and Demos vs. The Governor of the State of Washington, et. al., C/A No. 8:03-3882-HMH (D.S.C.), the Court noted that Plaintiff was "struck out" pursuant to 28 U.S.C. § 1915(g).[1] In C/A No. 03-3882, the undersigned noted that, since 1991, Plaintiff had filed over 450 lawsuits in various federal courts, and recommended that the action be dismissed with prejudice and that Plaintiff's filings in this Court be subject to a prefiling injunction.[2] United States District Judge Henry

---

[1] This Court may take judicial notice of its own records. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970).

[2] It appears that Plaintiff remains subject to the contempt order in the Eastern District of Washington, and to prefiling injunctions in the Western District of Washington, the District of Columbia, and the Ninth Circuit. See Demos v. United States of America, et al., C/A No. 2:10-313-JLQ (E.D. Wash.); Demos v. Greenspan, C/A No. 1:96-1826-UNA

2

M. Herlong, Jr. adopted and incorporated the undersigned's Report and Recommendation in his Order, entered on January 21, 2004, dismissing the action with prejudice and subjecting Plaintiff to a prefiling injunction in any federal court litigation in the District of South Carolina,  See Order, Demos vs. The Governor of the State of Washington, et. al., C/A No. 8:03-3882-HMH (D.S.C. 2004) ECF No. 5.  Subsequently, four additional civil lawsuits filed in this Court by Plaintiff were summarily dismissed, including C/A No. 13-1, noted above.  In C/A Nos. 08-1994 (dismissed without prejudice) and 09-3160 (dismissed with prejudice), the Fourth Circuit denied Plaintiff leave to appeal without prepayment of the appellate filing), and in C/A No. 10-892 (dismissed without prejudice), the Fourth Circuit denied Plaintiff a certificate of appealability and dismissed his appeal.  Pursuant to Blakely, McLean and its progeny, Plaintiff has "struck out" in the United States District Court for the District of South Carolina and in the Fourth Circuit.

In the instant Complaint, Plaintiff complains that the PLRA's three strikes rule is unconstitutional as enacted, enforced, and applied because "the words 'shall a prisoner' [are] susceptible to a multiplicity of different meanings."  Complaint, ECF No. 1, p. 3.  In terms of relief, Plaintiff seeks "monetary relief . . . in the amount of one billion dollars."  Id. at 4.  Plaintiff alleges:

> the enforcement & application of 28 USC 1915(G) places plaintiff's life in imminent danger as 28 USC 1915(G) locks shut the courthouse door, creating 'instant' imminent danger to the plaintiff's human, moral, civil, political, spiritual, and constitutional rights, which in turn has the pervasive

---

(D.D.C.);  In re: John Robert Demos, Jr., No. 92-80350 (9th Cir.); United States v. Parker, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

3

> effect of placing 'all' of plaintiff's constitutional & statutory rights in 'imminent danger.'

Id.

After carefully reviewing Plaintiff's submissions in this civil action, it is clear that Plaintiff does not allege any facts indicating that he is currently "under imminent danger of serious physical injury" within the meaning of 28 U.S.C. § 1915(g),[3] which is the sole exception to the "three strikes" rule. See 28 U.S.C. § 1915(g); McLean, 566 F.3rd at 395; Banos v. O'Guin, 144 F.3d 883 (5th Cir. 1998), Therefore, Plaintiff cannot maintain the present action in this Court in forma pauperis.

To avoid application of 28 U.S.C. § 1915(g), a prisoner may prepay in full the filing fee. However, all civil lawsuits brought by prisoners seeking relief from a governmental entity, officer, or employee are subject to screening pursuant to 28 U.S.C. § 1915A, even those lawsuits where the full filing fee is paid at the time of filing. See Green v. Young, 454 F.3d 405, 407 (4th Cir. 2006). Therefore, to proceed with this Complaint, Plaintiff must pay the full $350.00 filing fee and the additional $50.00 administrative fee set by the Judicial

---

[3] In order to invoke the "imminent danger" exception of § 1915(g), an "inmate must make 'specific fact allegations of ongoing serious injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" Johnson v. Warner, No. 05-7048, slip op. at 272, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)). Fact allegations that are remote, speculative, or hypothetical do not rise to the level of "imminent danger." See Barbour v. 12th President of the United States, C/A No. 9:11-1302-HFF-BM, 2011 U.S. Dist. LEXIS 123736 at *6 adopted by 2011 U.S. Dist. LEXIS 121178 (D.S.C., Oct. 19, 2011); Welch v. Selsky, 2008 WL 238553, at *5 (N.D. New York, Jan. 28, 2008); White v. State of Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998). The "imminent danger" exception does not apply to harms that have already occurred. See Malik v. McGinnis, 293 F. 3d 559, 561-62 (2nd Cir. 2002) (citing Abdul-Akbar v. McKelvie, 239 F. 3d 307, 313 (3rd Cir. 2001)). Plaintiff's conclusory allegations fail to meet these requirements.

4

Conference. If Plaintiff timely pays the full filing fee, his Complaint will then be subject to review by the undersigned to determine if service of process should be authorized.

## RECOMMENDATION

It is recommended that Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be **denied**. By an accompanying order, Plaintiff is given twenty-one (21) days to pay the $350.00 filing fee and the $50.00 administrative fee, so that this matter can be returned to the undersigned United States Magistrate Judge to conduct a review of the Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to timely pay the full filing fee and administrative fee, or to seek an extension of time to do so, it is further recommended that, by additional order of this Court, the Complaint be dismissed without prejudice and without issuance and service of process. Plaintiff's attention is directed to the Notice on the next page.

s/Bruce Howe Hendricks
United States Magistrate Judge

April 30, 2014
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk of Court
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).